Sonya Kennedy v. City of Ferris, et al















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-197-CV

Â Â Â Â Â SONYA KENNEDY,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â CITY OF FERRIS, ET AL.,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellees
 

From the 40th District Court
Ellis County, Texas
Trial Court # 53927
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Sonya Kennedy brought suit against the City of Ferris and Breezy Hart (âAppelleesâ) to
recover damages for the deaths of her two dogs. On April 21, 1997, the court granted Appellees'
motion for a summary judgment. Kennedy appealed. The transcript was filed in this court on
June 23. Although her brief was due on July 23, no appellant's brief has been filed. Tex. R.
App. P. 38.6(a). Appellate rule 38.8(a) provides:
Civil Cases. If an appellant fails to timely file a brief, the appellate court may:
(1) dismiss the appeal for want of prosecution, unless the appellant reasonably explains
the failure and the appellee is not significantly injured by the appellant's failure to timely
file a brief.
Id. 38.8(a)(1).
Â Â Â Â Â Â More than thirty days have passed since Kennedy's brief was due. We notified Kennedy of
this defect by letter on September 10, informing her that her appeal might be dismissed. Id. 42.3
(former Rule 60(a)(2)). Kennedy has not responded to our letter showing grounds for continuing
the appeal nor has she provided a reasonable explanation for failing to file a brief. 
Â Â Â Â Â Â Appellees filed their âMotion to Dismiss Appealâ on October 17, asking us to dismiss the
appeal for want of prosecution. Kennedy has not responded to the motion. Therefore, this appeal
is dismissed for want of prosecution. Id. 42.3.
PER CURIAM

BeforeÂ Â Â Chief Justice Davis, 
Â Â Â Â Â Â Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Â Â Â Â Â Â Justice Vance
Dismissed for want of prosecution
Opinion delivered and filed October 29, 1997 
Do not publish



ve;z-index:2'>
Â 



From the 220th District Court

Hamilton County, Texas

Trial Court # 02-06-07198-HCCR

Â 



O p i n i o n



Â 








Tarra Fairtanya Guthrie was tried before a jury
for solicitation of capital murder.  The
jury returned a guilty verdict and assessed punishment at ten yearsÂ
imprisonment, probated for ten years, and a $5,000 fine.Â  Guthrie contends that the trial court erred
in failing to instruct the jury on the requirements for corroboration under
section 15.03(b) of the Texas Penal Code.

Finding error but no egregious harm, we will affirm
the judgment.




BACKGROUND

Â Â Â Â Â Â Â Â Â  Bobby
Moore and Don Schwartz were employees at WatsonÂs Ranch and Farm.Â  Don and Laura Schwartz were married and expecting
a baby.Â  Don became involved with Tarra
Guthrie.Â  Don and Laura separated and
began a bitter custody battle over their young child.Â  Moore testified that at the time of the custody
hearings, when Laura would not leave town, Guthrie said to Moore: ÂWell, we may just have to kill her to get her
to go.ÂÂ  At the time, Moore thought Guthrie was just blowing off steam and
was angry.Â  Don got temporary custody of
their child and Laura went to Colorado.Â  Moore
testified regarding GuthrieÂs comments: ÂLaura is going to cost them [referring
to Guthrie and Don] a lot of money, and [ ] she wished she could find somebody
to go out there and take care of her, it would save them a lot of money.ÂÂ  Moore still thought Guthrie was just angry.

However, later Guthrie said to Moore: ÂYou thought about going to Colorado and taking care of Laura for me?ÂÂ  Moore testified that this time he felt a coldness and
seriousness in GuthrieÂs voice.Â  When Moore asked Guthrie if she was serious, she
responded: ÂDead serious, I am very seriousÂÂ 
ÂHow much would you do this for?ÂÂ 
Moore said $5,000.Â 
Guthrie responded: ÂThat sounds good.ÂÂ 
Guthrie said that she could drive Moore to Colorado.Â  Moore asked: ÂWhen you want to get all of this done?Â
and Guthrie responded: ÂWell, as soon as possible.ÂÂ  Moore became worried that Guthrie was serious.Â  He called Kerri Watson, MooreÂs employer, and said ÂI knew I wasnÂt going to
do it.ÂÂ  Moore then called Ranger Ramos who decided to tape
record a conversation between Moore and Guthrie and listen to the conversation
simultaneously with a handheld radio.Â 
The recording of this conversation was admitted into evidence.

JURY
CHARGE ERROR

Guthrie contends that the trial court should
have instructed the jury that corroboration is required in a criminal
solicitation case.Â  The Penal Code
states:

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  A
person may not be convicted under this section on the uncorroborated testimony
of the person allegedly solicited and unless the solicitation is made under
circumstances strongly corroborative of both the solicitation itself and the
actorÂs intent that the other person act on the solicitation.

Â 

Tex. Pen. Code Ann. Â§ 15.03(b) (Vernon 2003).

Guthrie did not object at trial to the lack of a
corroboration instruction.Â  Even without
an objection, the court may find error involving an issue upon which a trial
court has a duty to instruct without a request or objection from either party. Â See Posey v. State, 966 S.W.2d 57, 62 (Tex.
Crim. App. 1998).Â  However, when an error
in the charge is not the subject of a timely objection to the trial court, the
accused must show that the error was ÂfundamentalÂ and reversal is proper if
the error is Âso egregious and creates such harm that it deprives the accused
of a Âfair and impartial trial.ÂÂÂ  Almanza v. State, 686 S.W.2d 157, 171-72
(Tex. Crim. App. 1985) (on rehearing).

The jury charge instructed that a person commits
the offense of criminal solicitation if:

with intent that a capital felony be committed,
she requests, commands, or attempts to induce another to engage in specific
conduct that, under the circumstances surrounding her conduct as the actor
believes them to be, would constitute a capital felony or make the other a
party to its commission.

Â 

See Tex.
Pen. Code Ann. Â§ 15.03(a) (Vernon 2003).Â 
The jury charge also instructed that a 
person commits the felony offense of capital murder

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  when
such person employs another to commit murder for remuneration or the promise of
remuneration, and the person so employed commits the murder pursuant to such
employment.

Â 

See id. Â§ 19.03(a)(3) (Vernon 2003).

Guthrie contends that the trial court should
have also instructed the jury on the corroboration requirement.Â  She argues that section 15.03(b) is part of
the Âlaw applicable to the caseÂ and under article 36.14 the court was required
to include it in the jury instruction.Â  Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon Supp. 2004-2005).

The corroboration requirement of section
15.03(b) reflects a legislative determination that accomplice testimony implicating
another person should be viewed with a measure of caution. Â Blake v.
State, 971 S.W.2d 451, 454 (Tex. Crim. App. 1998). Â Thus, it is the juryÂs task to determine
whether the testimony has been sufficiently corroborated. Â Id. at 455.

Section 15.03(b) is analogous to article 38.14
of the Texas Criminal Procedure Code, which requires a conviction based on
accomplice witness testimony to be corroborated by other evidence that tends to
connect the defendant with the offense.Â  Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 1979); Richardson
v. State, 700 S.W.2d 591, 594 (Tex. Crim. App. 1985) (citing Saunders v. State, 572 S.W.2d 944,
954-55 (Tex. Crim. App. 1978), and stating that section 15.03(b) and article
38.14 should be read in conjunction with each other).Â  Therefore, reading these two sections
together, the corroboration requirement in criminal solicitation must connect
the defendant to each of the essential elementsÂhere, corroboration as to the
solicitation itself and corroboration as to the defendantÂs intent that the
solicitation be acted upon.Â  Id. Â (interpreting
the word ÂstronglyÂ in section 15.03(b) as not requiring a different standard
as article 38.14, but requiring an additional safeguard that the corroboration
go to both the solicitation and the solicitorÂs intent).

The State contends that a section 15.03(b)
instruction is relevant only if it is possible the defendant could be convicted
on the uncorroborated testimony of the person solicited and it Âshould be given
only when raised by the evidence.ÂÂ  It
argues that the instruction is not required since there is a tape recording of
the solicitation and that giving a section 15.03(b) instruction in this case
would have required the court to comment on the weight of the evidence by
implying the tape recording was insufficient to corroborate MooreÂs testimony.Â 
The State says that MooreÂs
testimony regarding the solicitation was not uncorroborated because of the tape
recording and that the jury could not have possibly relied solely on MooreÂs testimony to determine guilt.

We agree with Guthrie that a section 15.03(b)
instruction is required in a criminal solicitation case.Â  See
Saunders, 572 S.W.2d at 954-55. Â For criminal solicitation, corroboration is
required regardless of whether the person allegedly solicited to commit the crime
is an accomplice witness.Â  Thomas v. State, 31 S.W.3d 422, 426
(Tex. App.ÂFort Worth 2000, pet. refÂd); Varvaro
v. State, 772 S.W.2d 140, 143 (Tex. App.ÂTyler 1988, pet. ref'd). Â Including this instruction would not have been
a comment on the weight of the evidence by the court and it should be given even
if there is obviously other evidence to corroborate the testimony of the person
solicited.Â  Therefore, the trial courtÂs failure
to instruct the jury regarding corroboration in this case was error because the
trial court failed to instruct on the Âlaw applicable to the case.ÂÂ  See
Claxton v. State, 124 S.W.3d 761, 765
(Tex. App.ÂHouston [1st Dist.] 2003, pet. refÂd).

Harm Analysis

Â Â Â Â Â Â Â Â Â  Having
found error, our next step is to determine whether the error caused egregious
harm.Â  See Abdnor v. State, 871
S.W.2d 726, 731 (Tex. Crim. App. 1994) (a review of charge errors is
a two-step process).Â  To evaluate whether
the charge error caused egregious harm, we consider (1) the entire jury charge,
(2) the evidence produced at trial, the contested issues and the weight of the
probative evidence, (3) the attorneysÂ arguments, and (4) any other relevant
information revealed by the record of the trial as a whole.Â  See Ovalle
v. State, 13 S.W.3d 774, 786-87 (Tex. Crim. App. 2000).

Â Â Â Â Â Â Â Â Â  Corroborating
evidence is reviewed in the light most favorable to the verdict.Â  Gill v.
State, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994).Â  Egregious harm is found only if the corroborating
evidence is so weak and unconvincing that a rational juror would find the
prosecutionÂs case clearly and significantly less persuasive if they had been
instructed properly.Â  Saunders v. State, 817 S.W.2d 688, 692
(Tex. Crim. App. 1991).Â  To analyze the
sufficiency of corroborating evidence,

the reviewing court must eliminate from
consideration the evidence of the [person solicited], and then examine the
evidence of the other witnesses to ascertain if it is of an incriminating
character which tends to connect the defendant with the commission of the
offense.Â  If there is such evidence, the
corroboration is sufficient. . . .Â  The
corroborative testimony need not directly link the accused to the crime or be
sufficient in itself to establish guilt. . . .Â 
However, a conviction cannot stand if the corroborative evidence does no
more than point the finger of suspicion towards an accused.

Â 

Castaneda
v. State, 682 S.W.2d 535,
537-38 (Tex. Crim. App. 1984).Â  It follows here that the State was required
to produce evidence, exclusive of MooreÂs testimony, that Guthrie requested,
commanded, or attempted to induce Moore to kill Laura Schwartz and that Guthrie
intended capital murder be committed.

Jury
Charge

Â Â Â Â Â Â Â Â Â  The
jury was instructed that, to convict appellant of the offense, it must find
beyond a reasonable doubt that Guthrie, with intent that a capital felony be
committed, requested or attempted to induce Moore to engage in conduct that would constitute
capital murder.Â  However, the charge
failed to instruct the jury that the law requires corroboration of testimony of
the person solicited as to the solicitation itself and GuthrieÂs intent that
Moore act on her solicitation.

State
of the Evidence

Â Â Â Â Â Â Â Â Â  State's
Exhibits 1 and 2, the original and a copy of a taped recording of a
conversation between Moore and Guthrie, sufficiently corroborate the testimony
of Moore as to solicitation of capital murder of Laura
Schwartz.Â  See Varvaro v. State, 772 S.W.2d 140, 143 (Tex. App.ÂTyler 1988,
pet. ref'd) (finding a tape recording alone was sufficient evidence to corroborate
the actual oral solicitation).Â  The
incriminating portions of the tape recording include: Guthrie answering MooreÂs question whether Guthrie was serious about
Laura with ÂYep. I want her goneÂ; Guthrie answering affirmatively when asked
by Moore if she wanted Moore to Âgo to Colorado and put her out of serviceÂ;
Guthrie answering affirmatively when asked by Moore if she wanted Laura dead;
Guthrie telling Moore that she would give him half of the money before and half
after the murder; and Guthrie offering to take Moore to Colorado where Laura
was residing. Â Thus, the tape recording
corroborates MooreÂs testimony with respect to the solicitation by
Guthrie and to GuthrieÂs intent that Moore kill Laura Schwartz.

Â Â Â Â Â Â Â Â Â  Ranger
Ramos corroborated MooreÂs testimony regarding the identification of the
voices on the tape recording.Â  See Morrison v. State, 631 S.W.2d 242,
243-44 (Tex. App.ÂFort Worth 1982, pet. refÂd) (requiring corroboration of
accompliceÂs testimony regarding the identification of the voices on the tape
recording). Â Appellant did not dispute
that the voices on the tape were hers and MooreÂs.

AttorneysÂ
Arguments and the Record as a Whole

Â Â Â Â Â Â Â Â Â  The
arguments of counsel and the remainder of the record in this case do not
exacerbate the jury charge error. Â There
are no explicit references to a corroboration requirement or lack thereof.

Conclusion

Â Â Â Â Â Â Â Â Â  The tape recording sufficiently
corroborates MooreÂs testimony, and the jury would rationally have
been able to convict Guthrie based on the independent evidence. Â The independent evidence is not so weak and
unconvincing that, had the jury been properly instructed, it would have found
the StateÂs case significantly less persuasive. Â After reviewing the jury charge as a whole,
the state of the evidence without considering MooreÂs testimony, the arguments
of counsel and the record as a whole, we conclude that under the facts of this
case the error in failing to give the corroboration instruction was not so
egregious and did not create such harm that it deprived Guthrie of a fair and
impartial trial.




Â Â Â Â Â Â Â Â Â  We
overrule GuthrieÂs sole issue and affirm the judgment.

Â 

BILL VANCE

Justice

Â 

Â 

Before Chief Justice Gray,

Â Â Â Â Â Â Â Â Â  Justice
Vance, and

Â Â Â Â Â Â Â Â Â  Justice
Reyna

Affirmed

Opinion delivered and filed October
 13, 2004

Publish

Â 

[CR25]